UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DSLA MORTGAGE LOAN TRUST 2004-AR4,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LOUDON, CELESTE LOUDON, and DOES 1–10, inclusive<br><br>Defendant. | Case No. 17-cv-00172-BAS-NLS<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

This matter is before the Court pursuant to Defendant Celeste Loudon's ("Defendant") Notice of Removal. (ECF No. 1.) Defendant also filed a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of San Diego, for lack of subject matter jurisdiction.

//

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## DISCUSSION

Defendant apparently seeks removal primarily on the basis of diversity jurisdiction. (ECF No. 1.) In order to invoke this Court's diversity jurisdiction, Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In cases where the plaintiff's state-court complaint does not specify damages, or claims an amount in damages that defendant believes

to be understated, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, even if the parties are citizens of different states, Defendant has not made the requisite showing that the amount in controversy exceeds $75,000. Plaintiff alleges in its verified complaint that the amount demanded does not exceed $10,000, to which Defendant responds that the amount in controversy "includes up to, but is not limited to, an actuary exceeding $75,000[.]" (ECF No. 1, 2–3.) This statement is insufficient to satisfy the amount-in-controversy requirement on removal. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Defendant's bare assertions regarding "an actuary exceeding $75,000," without more, cannot defeat the presumption that the sum claimed by Plaintiff in its complaint controls. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

Upon reviewing the complaint, the removal notice, and the related exhibits, the Court finds that Defendant has not met her burden to establish that the amount in controversy exceeds the jurisdictional threshold. Therefore, removal is improper.[1] 28 U.S.C. § 1332(a).

## CONCLUSION & ORDER

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California, County of San Diego. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

---

[1] In her notice of removal, Defendant refers to 28 U.S.C. § 1443(1), presumably as an alternative basis for removal. Defendant's reliance on this statute is misplaced. The Supreme Court has explained that a removal petition under 28 U.S.C. § 1443(1) is proper only where (1) the "right" involved arises under a federal law "providing for specific civil rights stated in terms of racial equality," and (2) the removal petitioner cannot enforce the specified federal rights in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Defendant's charge that Plaintiff's counsel has "used their knowledge of the law" to "prevent Defendant from fully and accurately presenting her case" is not a cognizable basis for removal under 28 U.S.C. § 1443.

1  jurisdiction, the case shall be remanded."); *Gaus*, 980 F.2d at 566. Additionally,
2  Defendant's motion to proceed in forma pauperis is **DENIED AS MOOT**. (ECF No.
3  2.)
4       **IT IS SO ORDERED**.
5
6  DATED:  January 31, 2017
7                                        Hon. Cynthia Bashant
                                      United States District Judge